IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMIE MONKE,**

**Plaintiff,**

**v.**

**GENERAL MEDICINE, P.C.,**
a corporation,

**Defendant.**                                     **No. 07-198-DRH**

## ORDER

**HERNDON, Chief Judge:**

In the instant case, Plaintiff has filed a motion seeking a voluntary dismissal without prejudice pursuant to **FED. R. CIV. P. 41(a)(2)** (Doc. 132). Plaintiff's suit involves claims for intentional infliction of emotion distress and fraud against Defendant General Medicine, P.C., Plaintiff's former employer, for events arising out of Plaintiff's employment with Defendant (*See* Doc. 2, Ex. 1). The case was originally filed in the Twentieth Judicial Circuit in St. Clair County, Illinois but was removed to this Court pursuant to **28 U.S.C. § 1332 (a)** (Doc. 2). Previously, the Court dismissed several defendants , leaving only the claims against Defendant General Medicine (Doc. 81). The Court also stayed this action for approximately seven months to allow for the resolution of a pending appeal in Plaintiff's workers' compensation claim pending in state court (Doc. 114). On August 6, 2009, the stay

was subsequently lifted in light of the fact that Plaintiff notified the Court of her intent to file a motion for voluntary dismissal (Doc. 130).

Plaintiff's instant **Rule 41(a)(2)** motion for dismissal seeks to dismiss the claims against Defendant General Medicine without prejudice because she wishes to pursue a counterclaim against Defendant in its pending action against Plaintiff in Oakland County Circuit Court in Oakland County, Michigan (Doc. 132). Defendant General Medicine has filed its opposition to the motion (Doc. 140 & 141) and has also filed a Motion for Summary Judgment or in the alternative Motion to Dismiss (Doc. 147 & 148).[1] Defendant further has filed a Motion for Hearing (Doc. 142). However, the Court notes that the parties have fully briefed this matter and a hearing is not necessary as the Court has all of the arguments before it. Therefore, the Court **DENIES** Defendant's Motion for Hearing (Doc. 142).

Defendant opposes a dismissal without prejudice because it claims that a "dismissal without prejudice will be highly prejudicial to defendant" as it has expended time and resources in defending the case. Defendant argues that Plaintiff has not been diligent in prosecuting her case, noting that she failed to obtain new counsel until over one year after her initial counsel withdrew, and argues that the case is no longer in the preliminary stages of litigation. Defendant states that Plaintiff should not be allowed to "basically 'start over' in the Michigan suit." In the

---

[1] The Court notes that Defendant had previously filed a motion for summary judgment on July 29, 2009, but the Court struck that motion because it was filed while the case was stayed pending the resolution of Plaintiff's workers compensation case in state court (Doc. 146).

alternative, Defendant asks that the dismissal be deemed with prejudice and that Defendant be awarded reasonable costs and attorneys' fees.

It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to **Rule 41(a)(2)**. ***Tolle v Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)**. In deciding whether to grant a **Rule 41(a)(2)** motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. ***Tyco Laboratories*, 627 F.2d at 56**.

Although the Defendant has expended some effort in litigating this matter as noted above, the Court does not believe this effort outweighs the fact that if Plaintiff does not want to pursue this action and instead wants to try to pursue a counterclaim in Michigan where Defendant has a case pending against her, she should have the right to seek a dismissal of her case. While Defendant argues that the case is no longer in the preliminary stages of litigation and has been pending for over two years, the Court notes that the case had been stayed since January 2009. Further, the Court notes that Plaintiff has not shown a "lack of diligence" in prosecuting this case. Although Plaintiff was without an attorney for some time, as

Plaintiff points out, during much of that period the case was stayed. Plaintiff has also continued to appear for conferences and respond to motions filed by Defendant.

Under the third prong, Plaintiff has shown a sufficient explanation for dismissal. Plaintiff wishes to try to file a counterclaim against Defendant in Michigan where Defendant has filed an action regarding her employment with Defendant. Defendant has filed a claim in Michigan regarding their employment relationship and Plaintiff wishes to try her claim there as a counter-claim. Plaintiff has also provided the Court with her employment agreement which contains a forum selection clause requiring that all actions be filed in the Circuit Court for the County of Oakland, State of Michigan.[2] Defendant had previously filed a motion to dismiss arguing that the forum selection clause should be enforced although it later sought to withdraw that motion. Further, Plaintiff claims that she has counsel in Michigan and prefers to have her claims represented in one court by one attorney.

Although the Court notes that Defendant had filed a motion for summary judgment, that motion was stricken from the docket because it was filed while the case was stayed pending resolution of the workers compensation claim in state court. Defendant has since re-filed the motion for summary judgment, albeit after Plaintiff filed her Motion to dismiss voluntarily was filed. The Defendant has

---

[2] The Court notes that Defendant had originally filed a motion to dismiss this case due to the fact that the agreement had a forum selection clause (Doc. 97), but has since sought to withdraw that document after Plaintiff informed the Court that she would be filing a motion to voluntarily dismiss (Doc. 131). Plaintiff originally stated in her response to the motion to dismiss that Michigan would be inconvenient for her to litigate her case, but claims now that since there is already litigation pending in Michigan that it would be more convenient for all of the litigation to be tried in one court.

filed three motions to dismiss (one of which it seeks to withdraw).  However, the Court does not find that those are a valid reason for denying the motion to dismiss or allowing it on the condition that the dismissal be with prejudice, rather than without.

The Court, in taking this action at this time, does not reach or take into consideration the Plaintiff's reasons for filing this action in St. Clair County, Defendants removed it as aforementioned.  It appears, Plaintiff, in taking the action at bar, is performing a task which benefits the economies of the judicial process.

Defendant has asked that, in the alternative, the Court award costs and attorneys' fees to Defendant for the time and resources it has put into litigating this case.  The Court will hold a determination of the issue of attorney fees in abeyance pending any subsequent re-filing of this matter.  **See FED. R. CIV. P. 41(d)**.  If not re-filed in this district, the Court finds that the Defendant is not prejudiced by this dismissal.  Although it would appear that if the Plaintiff subsequently re-files this case and it ends up back in this district, the discovery shall be incorporated into the new cause via operation of this Order, just as anything accomplished in this district could be incorporated in the Michigan action.  As such, the Defendant will not have expended time and resources for nothing.  The issue of proper forum will have to be resolved and if resolved in the Defendant's favor a showing of prejudice will be a much easier hurdle.

Accordingly, the Court **GRANTS** Plaintiff's request to dismiss her cause of action against Defendant General Medicine, P.C. without prejudice. Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 16th day of September, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**